FARMERS NATIONAL BANK OF DAN-
VILLE, Kentucky, Executor of the Will of
Lucy R. Hawkins, Deceased, Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1955.

Newlin & Silliman, E. C. Newlin, Danville, for appellant.

Chenault Huguely, Pierce Lively, Danville, C. S. Landrum, C. E. Rice, Jr., Lexington, for appellee.

STEWART, Chief Justice.

In June, 1952, Lucy R. Hawkins, a resident of Boyle County, died leaving a will which appointed appellant, Farmers National Bank of Danville, as her executor. The latter duly and regularly qualified in this capacity In the course of the administration of the estate, the executor sold 38 shares of common stock of appellee, Louisville & Nashville Railroad Company, owned by its testatrix at the time of her death and simply notified appellee to make out the stock to the buyer. Appellee, relying upon KRS 395.200(1), refused to transfer the stock to the purchaser, claiming appellant had no power to sell the stock unless and until the same was authorized by an appropriate order of the Boyle County court. The will did not authorize the executor to sell personal property. Thereupon, appellant brought suit for a construction of the will and, inter alia, for a declaration of rights with regard to the sale and transfer of the stock without first obtaining a court order. The lower court decreed a county court order must be secured, empowering the executor to effectuate the sale. This appeal is from that ruling.

The question of the construction of the controlling statute involved presents a case of first impression. KRS 395.200(1) was enacted as a part of Chapter 115 of the Acts of 1944, and, insofar as pertinent here, it provides as follows:

"At any time after the appointment of a fiduciary, whenever it shall be necessary to secure authority to sell personal property belonging to an estate, the county court, when satisfied that it would be for the best interests of the estate, may authorize such fiduciary to sell, at public or private sale, at a fixed price or for the best price obtainable, and for cash or on such terms as the court may determine, any part or all of the personal property belonging to the estate, including dividend-paying and interest-bearing securities * *."

In urging a reversal, appellant argues that the Legislature in 1944 simplified the probate procedure in order to expedite the

administration of estates in the hands of executors and administrators by removing all statutory limitations and restoring unto them the common-law power to exercise their own responsible discretion in liquidating the assets of estates administered by them.

Formerly, KRS 386.080 (known as section 4707 of Carroll's Kentucky Statutes) made it mandatory that an administrator or executor, before selling any dividend-paying stocks, bonds or other securities which a decedent owned at his death, should be ordered so to do by the circuit court in the county where letters of administration were granted or the will recorded. In 1944, KRS 386.080 was repealed and KRS 395.200 as a part of Chapter 115 was enacted in lieu thereof. The preamble of this chapter recited, in part, the probate procedure was further revised " * * * for the purpose of simplifying and expediting the administration of estates in the interest both of creditors and beneficiaries and for the purpose of authorizing sales by fiduciaries in cases where such authority does not exist or is doubtful, * * *."

The case of Barth v. Fidelity & Columbia Trust Co., 188 Ky. 788, 224 S.W. 351, sets forth plainly the intent of KRS 386.080 (referred, to as section 4707 of Carroll's Kentucky Statutes in that opinion). After mentioning the fact that a personal representative at one time was invested with such title to his decedent's personalty as carried with it an absolute, unlimited power to sell, it was pointed out that, by reason of this statute, a personal representative had only qualified power of sale as to dividend-paying securities held in a fiduciary capacity, and that it no longer lay in his discretion to decide whether such securities should be sold, since that discretion had been taken away from him and lodged elsewhere.

The salutary effect of the requirement imposed by KRS 386.080 that a court pass upon and authorize the sale by a personal representative of dividend-paying securities was evident. This meant that an impartial and disinterested judge must determine the question from the point of view of the beneficiaries without taking into account any other considerations which might enter into the decision reached by an executor or administrator. The fact that the Legislature in 1944 included the phrase, "whenever it shall be necessary to secure authority to sell personal property belonging to an estate * * *," is a clear indication that the beneficial purpose of KRS 386.080 in this respect was intended to be incorporated in KRS 395.200. This phrase must be ignored, if we accept appellant's contention.

It is apparent to us that the further revision of the probate rules sought by Chapter 115 of the Acts of 1944 consisted in transferring jurisdiction for obtaining orders to sell personal property from the circuit courts to the county courts. This would certainly accomplish the "purpose of simplifying and expediting the administration of estates". The county court is available every day for action in probate matters. Under the former procedure it was necessary to go to the circuit judge, wherever he might be sitting in the district, and often wait for the end of a trial or a hearing before presenting a petition for the sale of personal property. We believe the purpose of the Legislature in enacting Chapter 115 of the Acts of 1944 was to bring this phase of probate procedure in harmony with all other probate steps by placing it within the jurisdiction of the county courts. We conclude it was not the intention of the Legislature to abolish the requirement of a court order for the sale of dividend-paying securities but only to expedite the method of obtaining such an order by streamlining the probate procedure.

Wherefore, the judgment is affirmed.